UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIM PEARSON | ) |
| | ) CASE#  1:18-cv-00567 |
| Plaintiff, | ) |
| v. | ) |
| VILLAGE OF BROADVIEW, MAYOR SHERMAN C. JONES, BUILDING COMMISIONER, DAVID UPSHAW, AND THE VILLAGE BOARD OF TRUSTEES COLLECTIVELY AS AGENTS | ) |
| Defendants. | ) |

**PLAINTIFF'S AMEDED RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO SCRIVENER'S ERROR**

NOW COMES the Plaintiff Jim Pearson (Plaintiff) by and through his attorney Don Perry, and files this, his Amended Response to Defendant's Motion to Dismiss due to Scrivener's Error, and states:

**ERRORS CORRECTED**

Plaintiff Jim Pearson files this Amended Response to correct Scrivener's Error in paragraphs 9 and 13 regarding dollar amounts stated, and paragraphs 9, 11, 17, 19, 20, 25, and 27 to correct spelling and grammatical errors. Plaintiff makes no substantive changes to his argument.

**RELEVANT FACTS**

1. On or about June 20, 2005, the Village of Broadview thru its Board of Trustees passed a resolution which granted the Plaintiff's Corporation, 25th Avenue Properties LLC., a 6b Tax Incentive Classification, for a vacant property commonly known as 2601 S. 25th Avenue, Broadview, IL 60155. (See Exhibits A&B)

2. The 6b classification is designed to encourage industrial development throughout Cook County by offering a real estate tax incentive for the development of new industrial facilities, the rehabilitation of existing industrial structures, and the industrial reutilization of abandoned buildings. The goal of class 6b is to attract new industry, stimulate expansion and retention of

existing industry and increase employment opportunities. (See Exhibit C)

3.     In the Plaintiff's case, the subject property had been abandoned since 2002, and was in a gross state of disrepair. Not only did the Plaintiff rehabilitate the subject property, he also created 40 (forty) full time jobs for Village residents.
(See Exhibit A)

4.     A 6b classification is granted for 12 years. Properties receiving Class 6b classification receive substantial property tax savings. The property is assessed at 10% of market value for the first ten years, 15% in the 11th year, and 20 % in the 12th year. In the absence of this incentive, industrial real estate would normally be assessed at 25% of its market value. (See Exhibit C pg.1)

5.     The 6b classification may be renewed during the last year in which a property is entitled to a 10% assessment level or when the incentive is still applied at the 15% or 20% assessment level, by filing a renewal application, and a certified copy of a resolution or ordinance adopted by the municipality in which the real estate is located, or by the County Board, if located in an unincorporated area of Cook County, expressly stating that it supports and consents to the renewal of the Class 6b incentive and that it has determined that the industrial use of the property is necessary and beneficial to the local economy. (See Exhibit C pg. 4)

6.     After renovating and occupying the subject property for almost 10 years, and creating over 100 full time jobs, the Plaintiff decided to sell his business. That being the case, the Plaintiff attempted to file his renewal application with the Defendants. On or about September 19, 2014, the Plaintiff forwarded a letter to Mayor Jones and the Village Board of Trustees, requesting Board consideration of the renewal of the properties 6b classification. (See Exhibit C1&D)

7.     The Plaintiff did this because he knew the renewal of the 6b classification would make the property more attractive to potential buyers, by removing any uncertainty regarding future property tax liability upon expiration of the 6b Classification in 2017.

8.     Despite the Plaintiff's repeated requests for a hearing on the matter, he received no response from the Village Board.

9.     On or about September 15, 2015, the Plaintiff received a Letter of Intent from a buyer with a tender offer of $2,750.000. (two million, seven hundred fifty thousand) (See Exhibit E)

10.    The Plaintiff contacted the Village again in an attempt to receive a hearing regarding his 6b renewal, but as previously, the Village would not respond.

11.    The potential buyer and her real estate broker decided to visit the Village Hall to inquire as to what was causing the delay regarding the Plaintiff's renewal application? They were told by Building Commissioner David Upshaw, that a $50,000.00 campaign donation would help things go much smoother.

12.    After this encounter, the buyer rescinded her offer.

13.    The Plaintiff did not receive another purchase offer until February 10, 2016. This offer was for $2,350.00, from Graymills Corporation. At the time of this offer, the Village had still not granted the Plaintiff a hearing regarding his renewal application. (See Exhibit F1)

14.    However, prior to the closing of the Sale, the Plaintiff discovered that the Village had passed a 6b renewal resolution to Graymills Corporation, who was not yet the owner of the property. Further, this action took place without any notice to the Plaintiff, who was the "OWNER" of the subject property. (See Exhibit G)

15.    Upon this discovery, the Plaintiff forwarded a FOIA request to the Village regarding the matter. The Village responded to this request in writing, on or about March 3, 2016. Their response verified that the Village had indeed granted the renewal to Graymills Corporation on February 16, 2016, without any notice to the Plaintiff, who was the "OWNER" of the subject property on February 16, 2016!

(See Exhibit H&F2)

## ARGUMENT

16.    The Defendants argue that this action should be dismissed for two reasons.

I. Timeliness, and II. Failure to State a Claim for Procedural due Process.

### I. TIMELINESS

17.    The Defendants argue that the Plaintiff's action is untimely based upon a two-year Statutory Limitation for filing this action. The Defendants argue that the Plaintiff's alleged injury occurred on September 19, 2014, when he forwarded a letter to Major Sherman C. Jones, and the Village Board requesting a hearing regarding the renewal of the property's 6b Classification.

18.    The Defendant's are incorrect. Statutory filing deadlines begin when a party first knows or should have known about their injury.

19.    In the instant case, the Plaintiff first knew about his injury in September of 2015, after the buyer rescinded her purchase offer, based upon the Defendant's failure to grant a hearing on his

renewal application, and their subsequent conduct regarding the solicitation of a bribe.

20. The Plaintiff filed this action in May of 2017, four months prior to the Statute of Limitations expiration.

21. Clearly, Plaintiff's action was timely filed.

## II. PROCEDURAL DUE PROCESS

22. The Defendants argue that the Plaintiff fails to allege facts supporting his claim of a violation of his procedural due process rights.

23. To support a claim for a procedural due process violation, a Plaintiff must establish: (1) a protected property interest; (2) a deprivation of that property interest by an individual acting under color of state law; and (3) a denial of due process.

24. In the instant case, it is clear that as the owner of the subject property the Plaintiff's property interest is clearly established. Further, when the Village granted the Plaintiff his 6b Classification in 2005, this had a tangible and real effect on the property's value, whereby vesting the Plaintiff with a substantial additional interest in the property.

25. The Defendant's refusal to process the Plaintiff's application for his 6b Classification renewal was a deprivation of his property interest, and clearly under color of state law.

26. Further, the Plaintiff does not argue that the Village was under any duty to renew the 6b Classification, however, as the approval or rejection of the renewal would have a direct economic impact on his property interest, the Village was required to provide the Plaintiff with a hearing and an opportunity to be heard regarding said renewal application.

27. Lastly, the Village conducted a hearing on February 16, 2016, regarding the renewal of the subject property's 6b classification in purchaser Graymills Corporations name. At the time of said hearing, the Plaintiff was still the "OWNER" of the property. He received no notice of this hearing, and was not granted an opportunity to be heard, a clear violation of his Constitutional right to Procedural Due Process.

WHEREFORE, Plaintiff prays this Honorable Court deny Defendant's Motion and Dismiss, and any such further relief this Court may find equitable and just.


Don Perry                                                             Respectfully Submitted
The Perry Law Office                                 /s/ Don Perry
1200 Ravinia Place                                       Don Perry
Orland Park, IL 60462
(708) 675-7119
ARDC # 2302742