IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| JIM PEARSON ) | |
| ) | CASE# |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VILLAGE OF BROADVIEW, MAYOR SHERMAN ) | |
| C. JONES, BUILDING COMMISIONER, DAVID ) | |
| UPSHAW, AND THE VILLAGE BOARD OF ) | |
| TRUSTEES COLLECTIVELY AS AGENTS ) | |
| ) | |
| Defendants. ) | |

TO:   DELGADO LAW GROUP
      1441 S. HARLEM AVENUE
      BERWYN, IL 60402

## NOTICE OF FILING

PLEASE TAKE NOTICE that on January 10, 2018, Plaintiff Jim Pearson, by and through their attorney Don Perry, caused to be filed, **Plaintiff's 2nd Amended Complaint,** a copy of which is hereby served upon you.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused this document to be served upon the parties listed above as indicated, by sending via HAND DELIVERY on the day of filing, a true and correct copy to the address listed above.

_____
Don Perry

Don Perry
Attorney at Law
1200 Ravinia Place
Orland Park, IL 60462
(708) 675-7119
dperrylaw@gmail.com
Attorney # 47744

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| JIM PEARSON ) | |
| ) | CASE# |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VILLAGE OF BROADVIEW, MAYOR SHERMAN ) | |
| C. JONES, BUILDING COMMISIONER, DAVID ) | |
| UPSHAW, AND THE VILLAGE BOARD OF ) | |
| TRUSTEES COLLECTIVELY AS AGENTS ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S 2ND AMENDED COMPLAINT**

NOW COMES the Plaintiff Jim Pearson (Plaintiff) by and through his attorney Don Perry, and complains against Defendants, VILLAGE OF BROADVIEW, MAYOR SHERMAN C. JONES, BUILDING COMMISIONER DAVID UPSHAW, AND THE VILLAGE BOARD OF TRUSTEES COLLECTIVELY AS AGENTS, (Defendants) and states as follows.

### **INTRODUCTION**

1.  This is an action against the Defendants, sounding in a Constitutional violation of Procedural Due Process, and Abuse of Governmental Power. This action arises out of the Defendants refusal to grant the Plaintiff a hearing regarding the renewal of his 6B Tax Classification regarding his property located at 2601 S. 25th Avenue, Broadview IL, 60155. This refusal was based upon the rejection of an attempted bribe solicited by the Defendants in exchange for the granting of said renewal. Further, as a direct result of this solicitation, a contract for the purchase of the Plaintiff's property was rescinded, which has caused actual injury and damages to the Plaintiff.

## PARTIES AND JURISDICTION

2. Plaintiff, Jim Pearson (Plaintiff) by and through counsel Don Perry, brings this action.

3. Defendants Sherman C. Jones, David Upshaw, and the Village of Broadview Board of Trustees, (Defendants) acting as agents of the Village of Broadview.

4. At all times relevant hereto, Defendants Sherman C. Jones, David Upshaw, and the Village of Broadview Board of Trustees were located in the County of Cook, in the State of Illinois.

## GENERAL ALLEGATIONS

5. On or about January 14, 2005, the Plaintiff purchased commercial property located at 2601 S. 25th Avenue, Broadview IL, 60155.

6. Subsequent to said purchase, on or about April 14, 2005, the Plaintiff submitted his 6B eligibility application to the Cook County Assessor's Office, which was approved. (See Exhibit A)

7. Subsequent to said approval by the Cook County Assessor's Office, on or about June 20, 2005, the Village of Broadview, Mayor Henry Vicenik, and the Village Board of Trustees, passed a resolution approving the Plaintiff's 6B status. (See Exhibit B)

8. On or about April 31, 2014, the Plaintiff submitted his 6B renewal application to The Cook County Assessor's Office. (See Exhibit C)

9. On or about September 19, 2014, the Plaintiff sent a letter to then Mayor Sherman C. Jones, and the Village Board of Trustees notifying them that said renewal application had been filed with the Cook County Assessor's Office, and its acceptance was contingent upon a resolution being granted by the Village supporting same, and requested that the matter be considered by the Village Board at its earliest convenience. (See Exhibit D)

10. The Defendant's refused to consider the Plaintiff's request, stating that they no longer approved any 6B resolutions. However, the Village subsequently solicited a $50,000.00 payoff from the Plaintiff's prospective buyer, stating that "a $50,000.00 campaign donation would make the process go much smoother."

11. Plaintiff's prospective buyer refused, and rescinded their contract offer whereby causing the Plaintiff to lose hundreds of thousands of dollars.

## COUNT I – CONSTITUTIONAL VIOLATION OF PROCEDURAL DUE PROCESS

12. The Plaintiff re alleges and specifically incorporates by reference herein Paragraphs 1 through 11 of this Compliant as this Paragraph 11, as if fully stated herein.

13. The Plaintiff alleges that on June 20, 2005, upon the Village of Broadview passing the resolution granting the Plaintiff's application for 6B tax status, the Village of Broadview, substantially changed the commercial value of the Plaintiff's property, regarding any potential Sale of the property.

14. The Plaintiff alleges that upon receipt of his letter dated September 19, 2014, requesting a resolution hearing regarding the renewal of his 6B status, the Defendants had a duty to provide and hold a Board meeting to consider his renewal application, as the renewal or denial, would have a direct impact on the value of the Plaintiff's property.

15. Plaintiff alleges that the Defendant, not providing the Plaintiff with a hearing regarding his request for the renewal of his property's 6B tax status, violated his Constitutional right to Procedural Due Process, as the granting, or denial, of said renewal directly impacted the value of the Plaintiff's property.

16. Plaintiff alleges that based upon the Plaintiff's denial of his Constitutional Procedural Due Process, a Letter of Intent to purchase the Plaintiff's property for $2,750,000.00 was withdrawn.

(See Exhibit E)

17. The Plaintiff lost a potential buyer for his property at a sale price of $2,750,000.00, and subsequently sold the property to a different buyer for $2,350,000.00 Further, this took place approximately two years later, after the Defendants passed a 6B resolution in the buyer GRAYMILLS CORPORATIONS name on February 25, 2016, **prior to the closing of the sale of the property**? The Defendants conduct resulted in documented actual damages of $400,000.00 to the Plaintiff.

(See Exhibits F1 & F2)

WHEREFORE, Plaintiff prays that this Court grant Judgment to the Plaintiff, and find the Defendants liable for his actual damages of $400,000.00, and any and all Court Costs, and Attorney Fees, and any further relief this Court deems just.

## COUNT II – ABUSE OF GOVRNMENTAL POWER

18. The Plaintiff re alleges and specifically incorporates by reference herein Paragraphs 1 through 18 of this Compliant as this Paragraph 19, as if fully stated herein.

19. Plaintiff alleges, that as stated above, upon receipt of his letter dated September 19 2014, that the Defendants refused to grant him a hearing with the Village Board regarding a resolution for the renewal of his 6B status.

20. Plaintiff further alleges, that the Defendants told him the Village of Broadview would no longer be issuing 6B resolutions to anyone.

21. Plaintiff alleges, that the prospective buyer of his property paid a visit to the Village of Broadview's Municipal Offices to inquire about the status of the Plaintiff's renewal, on or about September of 2014, and was told by Building Commissioner David Upshaw, that a "$50,000.00 campaign contribution would make the process go much smoother."

22. Plaintiff alleges, that after the prospective buyer was told this by the Building Commissioner, they withdrew their letter of intent.

23. Plaintiff alleges, that on or about February 10, 2016, he received a signed Purchase & Sale Agreement from Graymills Corporation. (See Exhibit F1)

24. Plaintiff alleges, that a short time after he received the above mentioned Purchase & Sale Agreement, he discovered that on February 16, 2016, the Defendants had approved a 6B resolution for Graymills Corporation, even though they were not yet the owner of the property at the time the resolution was passed.

25. Plaintiff alleges, that upon this discovery he sent a letter of inquiry and a FOIA request to the Defendants regarding this discovery. (See Exhibit G)

26. Plaintiff alleges, that on or about March 3, 2016, he received a hand delivered response to his FOIA request. Among the documents tendered regarding the Plaintiff's FOIA request, was Graymills Corporation's purported 6B renewal application to the Cook County Assessor's Office. Notably, said application was undated, unsigned, and was not stamped as being received by the Assessor's Office. Also included was the resolution approval for Graymills Corporation dated February 25, 2016. (See Exhibits H & F2)

27. Plaintiff alleges, that; 1) the Defendants denied the Plaintiff his Procedural Due Process regarding a hearing, 2) that the Defendants intentionally did so, 3) That the Defendants did so based upon the prospective buyers refusal to pay an alleged solicited bribe for the issuance of a 6B renewal, 4) That the Defendants abused their Governmental Power by soliciting the alleged bribe, and 5) that the Plaintiff has suffered actual damages of $400,000.00.

WHEREFORE, Plaintiff prays for the following relief:

1. That the Court find the Defendants liable for Abuse of Governmental Power.

2. That the Court award the Plaintiff actual Damages of $400,000.00.

3. That the Court award the Plaintiff Punitive Damages of $400,000.00, and any and all further relief this Court deems just.

Don Perry
Attorney at Law
1200 Ravinia Place
Orland Park, IL 60462
(708) 675-7119
Attorney # 47744

Respectfully Submitted

_____
Don Perry

## CERTIFICATION

As attorney for the Plaintiff, in the above-captioned matter, I hereby certify that I have read the foregoing pleading and have complied with Supreme Court Rule 137.

_____

Don Perry

Don Perry
Attorney at Law
1200 Ravinia Place b.
Orland Park, IL 60462
(708) 675-7119
Attorney # 47744