UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIM PEARSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 18-CV-567 |
| VILLAGE OF BROADVIEW, MAYOR SHERMAN C. JONES, BUILDING COMMISSIONER DAVID UPSHAW, and the VILLAGE BOARD OF TRUSTEES, | ) ) ) ) ) ) | Judge Thomas M. Durkin |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jim Pearson brought this action against Defendants Village of Broadview, Mayor Sherman C. Jones, Building Commissioner David Upshaw, and the Village Board of Trustees asserting two claims titled Procedural Due Process (Count I) and Abuse of Governmental Power (Count II). Before the Court is Defendants' motion to dismiss both claims. For the reasons explained below, Defendants' motion is granted in part and denied in part.

**LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v.*

1

*Twombly*, 550 U.S. 544, 555 (2007). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A defendant may raise the statute of limitations in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

## BACKGROUND

This action arises out of Defendants' refusal to grant Pearson a renewal of his 6b tax classification for a property located in Broadview, IL. R. 26, Second Amended Complaint, ¶ 5. The 6b tax classification is designed to encourage industrial development and increase employment opportunities throughout Cook County by offering a real estate tax incentive for the development and rehabilitation of industrial structures. COOK COUNTY ASSESSOR'S OFFICE, CLASS 6B ELIGIBILITY BULLETIN (2018) ("Eligibility Bulletin").[1] The 6b tax classification may be renewed by filing a renewal application and by submitting a certified copy of the resolution

---

[1] *Available at* http://www.cookcountyassessor.com/assets/forms/cls6bb.pdf. Courts may take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes matters of public record, including "state statutes, city charters, and city ordinances," *Iovinelli v. Pritchett*, 2008 WL 2705446, at *2 (N.D. Ill. July 9, 2008), and "information presented on reliable websites," *Incandela v. Great-W. Life & Annuity Ins. Co.*, 2010 WL 438365, at *5 (N.D. Ill. Feb. 4, 2010), such as the Cook County Assessor's office here.

or ordinance by the municipality in which the property sits stating that it supports and consents to the renewal of the tax incentive. *Id*. at 4.

Pearson has owned the commercial lot at issue since January 14, 2005. R. 26 ¶ 5. He submitted an application for the initial 6b tax classification to Defendants on April 14, 2005. *Id*. ¶ 6. Defendants approved and granted the application on June 20, 2005. *Id*. ¶ 7. In April 2014, Pearson submitted a renewal application to the Cook County Assessor's office. *Id*. ¶ 8. A few months later on September 19, 2014, Pearson sent a letter to Defendants notifying them of the renewal application. *Id*. ¶ 9. Pearson requested a board meeting for consideration of the resolution supporting the renewal. *Id*. At some point after he sent the letter, the Defendants refused to grant him a hearing, and told him that the "Village of Broadview would no longer be issuing 6B resolutions to anyone." *Id*. ¶ 20.

Around the same time, Pearson attempted to sell the property. On September 15, 2015, he received a letter of intent to purchase the property for $2,750,000. R. 6-1, Ex. E. The prospective buyer visited the Village of Broadview's municipal offices to inquire about the renewal application, but was told by the building commissioner, defendant Upshaw, that a $50,000 campaign contribution "would make the process go much smoother." R. 26 ¶ 21. The potential buyer rescinded her offer. *Id*. ¶ 22. Pearson then received an offer from a new potential purchaser, Graymills Corporation, on February 10, 2016 for $2,350,000. *Id*. ¶ 23. Shortly thereafter, Pearson discovered that Defendants had approved Graymills' 6b application,

3

allegedly before the purchase was completed. *Id.* ¶ 24. It is not clear from the complaint when Graymills legally obtained the property.

## DISCUSSION

Pearson brings two claims. First, he alleges Defendants violated his constitutional right to procedural due process by not providing him a hearing for the renewal of the 6b tax classification. R. 26 ¶ 15. Second, he alleges Defendants abused their governmental power by approving Graymills' resolution for the 6b classification. *Id.* ¶ 24. Defendants moved to dismiss, arguing the statute of limitations on his first claim has expired and that Pearson has failed to state a claim under either count. R. 14.

### I. Statute of Limitations

Federal courts adopt the forum state's statute of limitations for deprivation of constitutional rights claims. *See Wilson v. Garcia*, 471 U.S. 261, 261-62 (1985). A deprivation of constitutional rights is litigated pursuant to 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). The limitations period for § 1983 claims is based in state law, and the statute of limitations for § 1983 actions in Illinois is two years. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). But "the date at which the claim accrues and thus starts the running of the limitations period is a matter of federal law, and generally occurs when a plaintiff knows the fact and the cause of an injury." *Id.*

Here, the complaint does not allege when Defendants denied Pearson a hearing on the 6b tax classification. The Court can assume that the failure occurred

sometime after September 19, 2014, when Pearson sent a request to Defendants for consideration of the renewal application. It is not clear from the complaint, however, that Pearson was aware of Defendants' failure to grant a hearing before September 2015, when the first buyer rescinded its offer because of Defendants' failure to grant the renewal application and their alleged solicitation of a bribe. *See* R. 26 ¶ 16. Defendants cite *General Auto Service Station v. City of Chicago*, 2004 WL 442636 (N.D. Ill. March 9, 2004) in support of their argument that the statute of limitations began running in September 2014, when Pearson submitted a letter to Defendants notifying them of the renewal application. In *General Auto Service*, the plaintiff submitted a non-conforming use permit application in 1995 after receiving a notice that it was in violation of a zoning ordinance. It did not receive a response, but did receive a second notice of violation in August 1997. *Id*. at *5. The application was then denied, the plaintiff appealed, and the decision to deny the application was affirmed. The plaintiff contended that the date the statute of limitations began running was the date of the final judgment affirming the denial. *Id*. at *7. The court disagreed and held that the statute began to run when the plaintiff first became aware of the denial through the second notice of violation, not when he continued to feel the denial's "ill effects" through later administrative proceedings. *Id*. at *8. Here, however, there are no allegations that Pearson became aware of the denial of the renewal before September 2015. Unlike in *General Auto Service*, Pearson does not allege that he received a letter or other notification from Defendants informing him of the denial. Taking the facts in the light most favorable

5

to Pearson, it is plausible he first became aware of the alleged violation in September 2015, when the buyer rescinded its offer because of the denial of the 6b tax classification. An act giving rise to a claim occurs when the plaintiff "knows or should know that his [] constitutional right has been violated." *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994). Accordingly, Pearson's complaint is not untimely on its face.

## II. Procedural Due Process

Defendants next argue that Pearson failed to allege a protected property right, which is necessary to succeed on his procedural due process claim. To state a claim for a procedural due process violation, Pearson must establish: (1) a protected property interest; (2) a deprivation of that property interest by an individual acting under the color of state law; and (3) a denial of due process. *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 900 (7th Cir. 2012). A protected property interest exists only when the state's discretion is "clearly limited such that the plaintiff cannot be denied the interest unless specific conditions are met." *Id*. Pearson must "point to a state law, or another independent source, that *guarantees* him" entitlement to a government benefit. *Brown v. City of Mich. City, Ind.*, 462 F.3d 720, 729 (7th Cir. 2006). Here, Pearson has no protected property interest in the renewal of his 6b tax classification. The Eligibility Bulletin states only that the 6b classification "may be renewed . . . by filing a renewal application and a certified copy of a resolution or ordinance adopted by the municipality in which the real estate is located, . . . expressly stating that it supports and consents to the renewal

of the Class 6b incentive and that it has determined that the industrial use of the property is necessary and beneficial to the local economy." Eligibility Bulletin at 4. Pearson fails to cite to any other municipal, county, or state law guaranteeing him the right to a renewal of the 6b tax classification. Pearson also fails to point to any Village of Broadview ordinance delineating specific conditions entitling Pearson to consideration of, or a hearing regarding, the renewal application. The Fourteenth Amendment does not require a remedy when there has not been a deprivation of a protected interest. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Pearson fails to state a claim for procedural due process as to Defendants' denial of his right to a hearing.

### III. Equal Protection Claim

Pearson's second claim, titled "abuse of governmental power," is really an equal protection claim, alleging Defendants treated Pearson differently by refusing to approve his 6b resolution while granting Graymills' application on the same property. *See* R. 26 ¶ 24. Because Pearson does not allege membership in a protected class, the Court analyzes his allegations under a "class-of-one" theory. To prevail on a class-of-one equal protection theory, "a plaintiff must allege that he has been [1] intentionally treated differently from others similarly situated and that [2] there is no rational basis for the difference in treatment." *Forgue v. City of Chicago*, 873 F.3d 962, 968 (7th Cir. 2017) (citing *Engquist v. Or. Dep't of Argric.*, 553 U.S.

7

591, 601–02 (2008)).² Stated differently, the Equal Protection Clause "protect[s] individuals against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). Here, Pearson alleges Defendants intentionally treated him differently than a similarly situated company, Graymills, because Pearson and his potential buyer did not pay the Defendants' solicited bribe. Pearson's allegations of bribery "overcome the presumption of rationality that applies to government classifications," *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 639 (7th Cir. 2007), required to survive a motion to dismiss an equal protection claim. Of course, discovery will show whether Graymills and Pearson were in fact similarly situated, and whether Defendants had a rational basis for granting Graymills' 6b classification request over Pearson's.

## IV. The Village Defendants

Defendants also moved to dismiss portions of the complaint on three additional bases. First, Defendants argue Pearson failed to plead any *Monell* allegations against defendant the Village of Broadview. A municipality can be sued

---

² The exact elements of a class-of-one claim have been in flux since the Seventh Circuit's en banc decision in *Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012) (separate en banc decisions). But whatever the resolution of that debate may be, the Seventh Circuit since has stated that even under the "least demanding standard," "a class-of-one plaintiff must, to prevail, negat[e] any reasonably conceivable state of facts that could provide rational basis for the classification." *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015). "Thus, even at the pleadings stage, all it takes to defeat a class-of-one claim is a *conceivable* rational basis for the difference in treatment." *Id.* (quoting *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013)).

8

if its agents are carrying out "(1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Kristofek v. Vill. of Orland Hills,* 832 F.3d 785, 799 (7th Cir. 2016). Pearson alleges the mayor, the building commissioner, and the board of trustees of the Village of Broadview acted as its agents. These individuals surely have final policymaking authority in the Village. The Court denies Defendants' motion to dismiss for a failure to plead *Monell* allegations.

Second, Defendants move to dismiss defendant Village Board of Trustees as duplicative. The Court agrees that naming the Village's Board of Trustees is duplicative of naming the Village itself. *See Kiser v. Naperville Cmty. Unit,* 227 F. Supp. 2d 954, 960 (N.D. Ill. 2002) (dismissing individual defendants named in their individual capacities as redundant of naming the entity itself). Accordingly, defendant Village Board of Trustees is dismissed.

Finally, Defendants move to dismiss the punitive damages allegations against the Village of Broadview.[3] Municipalities are not subject to punitive damages in suits under 42 U.S.C. § 1983. *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 916 (7th Cir. 2010) (citing *Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981)).

---

[3] Although Defendants incorporate this request into their motion to dismiss under Fed. R. Civ. P. 12(b)(6), this request is appropriately a motion to strike under Fed. R. Civ. P. 12(f). Under that rule, the Court may strike material from a pleading "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f); *see also Senne v. Vill. of Palatine*, 2013 WL 68703, at *1 (N.D. Ill. Jan. 4, 2013) (striking punitive damages against a municipality).

9

Accordingly, the punitive damages allegations against the Village of Broadview are stricken.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (R. 14) is granted as to Count I but denied as to Count II. The Court also dismisses the Village Board of Trustees as duplicative of the Village of Broadview. Finally, the Court strikes the punitive damages allegations against the Village of Broadview. If Plaintiff believes he can cure the deficiencies identified in this opinion, he may file a motion for leave to file an amended complaint on or before July 10, 2018. The motion should attach a redlined comparison between the current complaint and the proposed amended complaint, and it should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Defendants are not to file a response unless directed to do so by the Court.

ENTERED:

Dated: June 19, 2018

----------------------------------------
Honorable Thomas M. Durkin
United States District Judge