**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JIM PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-567 |
| | ) | |
| VILLAGE OF BROADVIEW, MAYOR | ) | |
| SHERMAN C. JONES, and BUILDING | ) | |
| COMMISSIONER DAVID UPSHAW, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF DISMISSAL FOR WANT OF
PROSECUTION PURSUANT TO RULE 41(b) OR, ALTERNATIVELY, SANCTIONS
PURSUANT TO FED. R. CIV. P. 37(b)(2)(A) and (C)**

NOW COME Defendants, VILLAGE OF BROADVIEW, MAYOR SHERMAN C.

JONES, and BUILDING COMMISSIONER DAVID UPSHAW, by and through their

attorney, Cynthia S. Grandfield, of Del Galdo Law Group, LLC, and replying in support

of their motion argues:

Pearson's original counsel[1] attempts to rewrite history by attributing his entire

pattern of delay in this case due to his "lack of familiarity" with federal court.  He

further inaccurately states that he "immediately" got another attorney to help him with

the case once he realized his lack of familiarity with federal court.  Lastly, Pearson's

new additional counsel argues in response to the motion that the MIDPs are a "trap for

the unwary" such as Pearson's original counsel.  He further states that he "assured"

---

[1] Defense counsel is referring to Pearson's counsel by "original" and "additional" to
avoid using names repeatedly within the body of this reply brief.

that this case would "move forward expeditiously and diligently." Defense counsel is not "assured" at all. Instead, what defense counsel sees is more of the same conduct. Defense counsel filed this motion on August 30, 2018 and noticed it up for a week later – September 6, 2018. See Dkt. No. 35-36. Pearson's original counsel did not call defense counsel, he did not email her, he did not file a motion for extension of time to comply with the Court's order, and he certainly did not supplement the disclosures as he should have done weeks prior. Instead, consistent with his continuous pattern of delay, he did nothing until the day before the motion and all he did at that point was file a motion for leave to let additional counsel file an appearance. See Dkt. No. 37-38. Then, he appeared in Court on the day the motion was noticed nearly *forty minutes late*.[2] The *only* reason he did not miss appearing for this motion, in addition to his failure to appear for the motion to compel and his failure to appear on numerous other occasions, is because the Court's call lasted longer that day and the case had not yet been called.

Once he arrived, Pearson's original counsel requested an incredible *twenty-eight days* to respond to this motion. Further, he was warned by the Court that if counsel had failed to appear that morning the Court would have dismissed the case. Further still, the Court advised Pearson's counsel that he should *not* wait to supplement his

---

[2] Defense counsel did not receive any calls, voicemails or emails on September 6th indicating that Plaintiff's counsel was running late. In fact, when defense counsel did not see Plaintiff's counsel in the courtroom on that day, she again attempted to call his office and again got a message that he was not available and no message could be left because his "mailbox was full." Further, the Court has a policy of allowing suburban counsel to appear via phone if they notify the Court the day before. Plaintiff's counsel was specifically advised of this by the Court on one of his first appearances on this case.

disclosures and that there should be good cause as to why he has not complied with Court orders. Lastly, the Court expressed concern as to how Pearson's new additional counsel would be able to assist in this case – given that a large portion of the problem consisted of failure to produce documents and the new additional counsel practices law in Arkansas. Pearson's counsel heeded none of these warnings.

First, Pearson's original counsel's contention that his continuous pattern of delay is all linked to his inexperience in appearing in federal court is false. The response contends that he did not get an ECF password until after this case had been pending. However, Pearson's original counsel has been admitted to the Northern District bar since 2014, and he has been admitted to the Illinois bar since 2010. Further, to suggest that an attorney that has been practicing any length of time does not know to comply with court deadlines generally and show up to court appearances is implausible at best and at worst is a pretty serious misrepresentation to this Court. As the motion reflects, it was not just that the MIDPs were insufficient or non-compliant, it was that coupled with Pearson's original counsel's failure to appear in court on several occasions, failure to comply with an order on a motion to compel, and failure to comply with court deadlines in both federal *and* state court as extensively laid out in Defendants' Motion. He did not even appear for the properly noticed motion to compel and then did not comply with the Court's order in relation to that motion. That alone is shocking.

The contention that Pearson's original counsel was somehow uncertain as to what he was supposed to do with respect to the MIDPs is also false. As detailed in Defendants' Motion to Compel, defense counsel specifically explained to Pearson's

original counsel that this case was subject to the MIDP order and directed him to the Northern District's website to further read in detail what the requirements were to comply. See Dkt. No. 31. Additionally, again as detailed in the motion to compel, defense counsel specifically told Pearson's original counsel, *on several occasions*, what specifically the deficiencies were with the disclosures he had sent and how to fix them. See, e.g., Email dtd. 06.22.18 attached as *Exhibit A* (listing in plain simple categories what needed to be added to the disclosures to make them complete). Defense counsel again made very clear what the problems with the disclosures were in the motion to compel by listing out numerically what needed to be done to correct them. See Dkt. No. 31 p. 2, ¶4(a)-(f). And if Pearson's original counsel, after all of that, truly was uncertain as to what was wrong with his initial disclosures, why did he not file a motion for extension of time to comply with the Court's order on the motion to compel? This is not a case of "lack of familiarity" – this is a case of repeatedly not doing what you're supposed to do when you're supposed to do it.

Pearson's original counsel has not heeded several of the Court's previous warnings. He did not heed the warning that he may face sanctions if he failed to comply with the Motion to Compel and that it was the plaintiff's responsibility to move the case along, he did not heed the warning of the Court in his most recent appearance that he should not wait to supplement his disclosures, and the Court's expressed concern that the addition of a counsel based in Arkansas would not assist in locating and producing documents came to fruition. Pearson did not supplement his MIDPs until the day that his response to this motion was due - October 4th. This is consistent with Pearson's

4

counsel's pattern and practice. Further, the revised MIDPs fail to disclose one single additional page of documents. See MIDPs dtd. 10.04.18 p. 4 attached as *Exhibit B*. In a case involving the sale and development of commercial real estate as well as the seeking of a special tax classification, Pearson's supplement that is several months delinquent contends that the only documents in his possession or control are the documents attached to the complaint as exhibits. This either further demonstrates the lack of merit to this case or demonstrates that Pearson has still failed to do a diligent and thorough search for relevant documents in this case. Pearson attempts to explain this away in his response by contending that this is not a document heavy case. First, this does not follow in this type of case – a case involving commercial real estate. Second, even if it did, this would have been the type of discussion Pearson's counsel should have had with defense counsel in response to her multiple attempts to resolve this pursuant to ILND LR 37.2 or even after the motion to compel was filed or *even* after the motion to compel was granted. That did not occur.

Further, Pearson's counsel's remedy to this situation proposes to add an out of state counsel, which will give defense counsel the extra hurdle of presumably having to coordinate with his likely more restrictive schedule in all discovery tasks – such as depositions. The revised disclosures also state that Pearson's counsel anticipates filing *another* amended complaint (See *Exhibit B* p. 7 paragraph after No. 39) – which again will further add to defense counsel's workload.

Pearson's counsel's contention that the fact that the delays are supposedly only attributable to his counsel and not Pearson "militates" the Court refusing to grant the

5

dismissal for want of prosecution is not supported by the caselaw he cites. Anderson v. UPS, 915 F.2d 313, 315 (7th Cir. 1990) simply states: "We have in the past expressed reluctance to affirm a dismissal where there is no sign of client neglect or awareness of the attorney's neglect." Further, the Seventh Circuit has held that the decision as to whether to grant a motion to dismiss for want of prosecution is within the trial court's discretion and will only be overturned in the case of an "abuse of discretion." See 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 338-340 (7th Cir. 1987). Additionally, this was addressed by Defendants in the motion – in that presumably Pearson's counsel has been asking Pearson what individuals might have information and what relevant documents are available in keeping with the requirements of Rule 26 and the duty of reasonable investigation prior to bringing a suit. This implies a lack of diligence on the part of the client as well. Pearson also contends that the case is not that old, but ignores the previous failures to meet deadlines, beyond deadlines with respect to the MIDPs, has caused months of delay in this case. The Seventh Circuit has also held that the age of the case is not a decisive factor. See Id.

With respect to prejudice suffered because of the delay, Pearson's response concludes that because defense counsel does not tally up the attorney fees incurred by the repeated delays, that the argument is "perfunctory" and thus waived. It is not. Defendants go through pages of detail as to the series of delays caused by Pearson's original counsel in their motion. The fact that substantial attorney fees were incurred by Defendants because of these delays can easily be inferred from that detail. Pearson additionally argues that a lesser sanction has not been imposed prior to dismissal. But,

as pointed out in Defendants' motion, this is not a bar to dismissal for want of prosecution under Rule 41(b). See McMahan v. Deutsche Bank AG, 892 F.3d 926, 932 (7th Cir. 2018).

Lastly, Pearson fails to address the fact that Defendants, in the absence of the Court's granting of a motion to dismiss for want of prosecution, have requested sanctions under Rule 37(b)(2)(A) and (b)(2)(C). So, any argument against the imposition of sanctions is presumably waived. United States v. Farris, 532 F.3d 615, 619 (7th Cir. 2008)(failure to respond to an argument results in waiver).

Suits should of course always be resolved on the merits. And these kinds of motions are always unpleasant. But as stated by defense counsel at the beginning of her motion – this cannot continue, something must be done. Defendants have met the standard for dismissal under Rule 41(b) or, in the alternative, at a minimum, an appropriate sanction pursuant to Rule 37(b)(2)(A) and (C).

Respectfully submitted,
Defendants

By: /s/ Cynthia S. Grandfield
    Cynthia S. Grandfield

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
(312) 222-7000 (t)
grandfield@dlglawgroup.com
*Please direct all mailings to:*
1441 S. Harlem Avenue
Berwyn, Illinois 60402