UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIM PEARSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 18 CV 567 |
| VILLAGE OF BROADVIEW, MAYOR SHERMAN C. JONES, AND BUILDING COMMISSIONER DAVID UPSHAW, | ) ) ) ) ) | Judge Thomas M. Durkin |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jim Pearson alleges that Defendants—the Village of Broadview, its Mayor, Sherman Jones, and its Building Commissioner, David Upshaw—unconstitutionally refused to renew a favorable tax classification for his commercial property. Pearson asserts two claims: (1) a "class-of-one" equal protection claim (Count I); and (2) a *Monell* claim (Count II). Before the Court is Defendants' motion to dismiss both claims. R. 72. That motion is granted for the reasons explained below.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## BACKGROUND

***Factual allegations.*** This action arises out of Defendants' refusal to grant Pearson a renewal of his 6B tax classification for a property located in Broadview, Illinois. R. 68 ¶ 16. A 6B classification is designed to encourage the redevelopment of industrial and abandoned properties and results in significant tax savings for the property owner. *See id.* ¶ 8; R. 28 at 2-3 (describing the 6B tax classification). The 6B classification may be renewed by filing an application together with a certified copy of the resolution or ordinance by the municipality in which the property sits stating that it supports and consents to the renewal of the tax incentive. COOK COUNTY

ASSESSOR'S OFFICE, CLASS 6B ELIGIBILITY BULLETIN (2018).[1] In April 2014, Pearson applied for renewal of the 6B tax classification for his commercial lot in Broadview. R. 68 ¶ 13. The Village did not consider his request for renewal and Pearson was told that the Village would no longer be issuing 6B resolutions to anyone. *Id.* ¶¶ 16-17.

In August 2015, a representative of Sam's Beauty contacted Pearson about purchasing his property. *Id.* ¶ 18. Pearson and Sam's Beauty agreed on a purchase price of $2,750,000, subject to certain requirements including the renewal of the property's 6B classification. *Id.* ¶ 21. The owners of Sam's Beauty met with Building Commissioner Upshaw to discuss renovation plans for the property and the 6B renewal. *Id.* ¶¶ 4, 23. Title 13 of the Village's Building Code requires purchasers of real property to place funds in escrow to ensure that the buyer will remedy any Village code violations. *Id.* ¶¶ 28-29. Upshaw informed Sam's Beauty that the escrow funds would be forfeited to the Village if renovations to the property violated Village code or were not "to the satisfaction of the Building Commissioner." *Id.* ¶ 30. When Sam's Beauty inquired as to how it could avoid any such forfeiture, Upshaw said Sam's Beauty could hire him as a consultant. *Id.* ¶¶ 32-33. Sam's Beauty viewed this response as a shakedown and rescinded its offer to purchase Pearson's property. *Id.*

---

[1] *Available at* http://www.cookcountyassessor.com/assets/forms/cls6bb.pdf (last visited April 27, 2020). Courts may take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes matters of public record, including "state statutes, city charters, and city ordinances," *Iovinelli v. Pritchett*, 2008 WL 2705446, at *2 (N.D. Ill. July 9, 2008), and "information presented on reliable websites," *Incandela v. Great-W. Life & Annuity Ins. Co.*, 2010 WL 438365, at *5 (N.D. Ill. Feb. 4, 2010), such as the Cook County Assessor's office here.

¶ 34. After the deal fell through, Pearson sold the property to Graymills Corporation for $2,350,000. *Id.* ¶ 40.

Prior to the purchase, Graymills had already started attempting to acquire a 6B tax classification for the property, including by meeting with Upshaw and Mayor Jones in January 2016. *Id.* ¶¶ 44, 51. Graymills offered the Village something "substantial" to procure the Defendants' support. *Id.* ¶ 73. Following the January meeting, Jones and Upshaw put forth "extraordinary efforts" to get Graymills a 6B classification for the property. *Id.* ¶ 52. The Village approved the 6B renewal in February 2016, before Graymills' purchase of Pearson's property was finalized. *Id.* ¶ 57. It is the Village's custom to approve a 6B tax resolution in return for a benefit to the Village. *Id.* ¶¶ 85-87.

***Procedural history.*** Pearson filed his initial complaint in Illinois state court in May 2017 alleging: (1) negligence; and (2) fraud in the inducement. R. 14-1. Pearson then filed a second amended complaint (which Defendants removed to this Court) alleging: (1) a violation of procedural due process; and (2) abuse of governmental power. R. 26. The Court granted Defendants' subsequent motion to dismiss the procedural due process claim but denied the motion on the abuse of governmental power claim and ruled that it would consider it an equal protection class-of-one claim. R. 28. The Court also ruled that the second amended complaint stated a *Monell* claim. *Id.* at 8-9. Following some discovery, Pearson filed a third

amended complaint in January 2020 to clarify his class-of-one equal protection claim. R. 68.[2] Defendants have moved to dismiss the third amended complaint.

## ANALYSIS

### I. Statute of Limitations

Defendants first argue that Pearson's claims are time-barred. Pearson counters that his claims are timely because they relate back to his initial complaint. An amendment to a pleading relates back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c). Rules regarding relation back are liberally construed to further the goal of trying cases on the merits. *Staren v. American National Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976). "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006). Defendants correctly note differences between the second amended complaint and third amended complaint. R. 72 at 10. The second amended complaint alleges that the Village solicited a $50,000 campaign donation from Pearson's prospective buyer (Sam's Beauty) in order to facilitate the 6B renewal. R. 26 ¶ 10. Meanwhile, the third amended complaint alleges that Defendants granted a 6B tax classification to Graymills because of its willingness to provide a substantial

---

[2] The third amended complaint also alleges a *Monell* claim.

benefit to the Village. R. 68 ¶¶ 73-74. The third amended complaint additionally alleges that the Village attempted a "shakedown" of Pearson's prospective buyer via the Title 13 inspection process. *Id.* ¶ 34. Despite these differences, the gravamen of both complaints is that Pearson was denied a 6B tax classification and lost out on a profitable sale because he and his preferred buyer did not engage in the Village's pay-to-play scheme. R. 26 ¶ 27; R. 68 ¶ 99. Defendants were on notice of Pearson's central allegations of inappropriate behavior surrounding a 6B tax renewal for his property. R. 26 ¶¶ 21, 27. As such, Pearson's third amended complaint relates back to his second amended complaint and his claims are timely.

## II.    Equal Protection Claim (Count I)

To prevail on a class-of-one equal protection claim, a plaintiff must allege that he has been "[1] intentionally treated differently from others similarly situated and that [2] there is no rational basis for the difference in treatment." *Forgue v. City of Chicago*, 873 F.3d 962, 968 (7th Cir. 2017) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-02 (2008)). A finding of rational basis is a low bar that simply requires "a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 946 (7th Cir. 2009). To defeat a motion to dismiss, a plaintiff bears the burden to "eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification," *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013), and must overcome the "presumption of rationality that applies to government

6

classifications." *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992) (quoting *Srail*, 588 F.3d at 946-47).

The crux of Pearson's claim is that the Village denied his request for a 6B tax renewal while granting Graymills' request because Graymills (but not Pearson) engaged in its pay-to-play scheme. *See* R. 68 ¶¶ 95-101. In the second amended complaint, Pearson alleged that this occurred when Defendants solicited a $50,000 bribe in the form of a campaign donation from his prospective buyer to support his renewal bid. R. 26 ¶¶ 10, 21. The Court held that Pearson had stated a class-of-one claim because the abuse of governmental authority for personal pecuniary gain does not relate to a legitimate state interest and does satisfy the rational basis requirement. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 371 (7th Cir. 2000) ("Plaintiffs alleged that a member of the governing body denied them equal protection under the law when he demanded and received significant personal pecuniary gain by the abuse of his governmental authority."). The third amended complaint does not allege that Defendants solicited a campaign bribe from Pearson and Sam's Beauty. Rather, Pearson now alleges that Defendants supported Graymills' 6B renewal request because it offered the Village "something 'substantial.'" R. 68 ¶ 73; *see also id.* ¶ 47 ("internal communications were had at Graymills about making 'substantial' contributions to Broadview.").

In so alleging, Pearson has now offered a rational basis for the Village's different treatment of him and Graymills. *See Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015) ("it is possible for plaintiffs to plead themselves out of court

7

if their complaint reveals a potential rational basis for the actions of local officials."). Certain forms of state action, such as local zoning and land use approval processes, "involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Id.* at 1119 (quoting *Engquist*, 553 U.S. at 603). As such, "'the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted,' and 'allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.'" *Id.* at 1119-20. Indeed, the Cook County Code expressly recognizes this discretion by stating that a 6B classification will only be granted if "the municipality . . . supports and consents." Cook County Code Sec. 74-63(7)(a).[3] As Pearson acknowledges, a 6B classification can result in millions of dollars in tax savings. *See* R. 68 ¶ 67. In exchange for these savings, it is rational that the Village may balance

---

[3] The Cook County Code also contains other requirements to qualify for the classification, including that the municipality or County Board has determined that "the incentive provided by the Class 6b is necessary for development to occur on that specific real estate." *Id.* Pearson's third amended complaint contains no information about how his business satisfied this standard or how his business otherwise compared to Graymills. "Normally, a class-of-one plaintiff will show an absence of rational basis by identifying some comparator—that is, some similarly situated person who was treated differently." *Monona*, 784 F.3d at 1120 (quoting *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.,* 755 F.3d 839, 845 (7th Cir.2014)). "To be similarly situated, a comparator must be 'identical or directly comparable' to the plaintiff 'in all material respects.'" *Id.* (quoting *LaBella Winnetka, Inc. v. Vill. of Winnetka,* 628 F.3d 937, 942 (7th Cir.2010)). Thus, even if the third amended complaint had not contained a rational basis for the difference in treatment, it does not provide enough information for the Court to conclude that Pearson and Graymills were similarly situated.

out lost property tax revenue by seeking an alternative benefit. Unlike Pearson's second amended complaint, which alleged that Village officials solicited personal bribes, Pearson's third amended complaint alleges that Graymills offered substantial benefits *for the Village* in exchange for Defendants' support of its 6B application. That provides a conceivable rational basis for why the Village supported Graymills' request but not Pearson's. *See Monona*, 784 F.3d at 1121 ("even at the pleadings stage, '[a]ll it takes to defeat [a class-of-one] claim is a *conceivable* rational basis for the difference in treatment.'") (alterations in original) (quoting *D.B. ex rel. Kurtis B*, 725 F.3d at 686). And far from supporting his claim, Pearson's additional allegation that a different 6B applicant was required "to reinvest a portion of property tax savings" from the 6B "into the Village of Broadview" to "fund various capital projects" only serves to strengthen the Court's conclusion that the Village had a rational basis for supporting Graymills' bid. R. 68 ¶ 87.

To the extent Pearson contends that he still has a viable class-of-one claim because of Upshaw's "shakedown" of Sam's Beauty during the Title 13 process, that argument fails. Pearson takes the position that Upshaw's comment to Sam's Beauty about hiring him as a consultant to avoid forfeiture of the Title 13 escrow funds constitutes a solicited bribe. But even if the Court were to construe it as such, the critical difference between that and the alleged $50,000 campaign bribe (which the Court held was a proper basis to state a class-of-one claim) is that Pearson alleged the campaign donation was in exchange for a 6B resolution. *See* R. 26 ¶¶ 21, 27. The bribe was thus directly related to his claim. In contrast, Pearson alleges that

9

Upshaw's solicitation of Sam's Beauty to hire him as a consultant was in exchange for an assurance that Sam's Beauty would not forfeit its Title 13 escrow funds. R. 68 ¶¶ 32-33.[4] While that may have contributed to Sam's Beauty's decision not to purchase the property, it does not speak to how Pearson was treated differently than Graymills for purposes of an attempted 6B classification renewal. Accordingly, those allegations do not support Pearson's class-of-one claim. The Court thus grants Defendants' motion to dismiss.

### III.  *Monell* Claim (Count II)

Pearson also asserts a claim against the Village of Broadview under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A *Monell* claim "requires a municipal policy or practice that results in a constitutional deprivation." *Palka v. Shelton*, 623 F.3d 447, 455 (7th Cir. 2010). Because the third amended complaint fails to state a claim for any constitutional violation, the Village cannot be held liable under *Monell. Id.*; *D.B. ex rel. Kurtis B.*, 725 F.3d at 687. As such, Pearson's *Monell* claim is dismissed.

### CONCLUSION

For these reasons, the Court grants Defendants' motion, R. 72, and dismisses Pearson's claims without prejudice. Should Pearson believe he can cure the deficiencies described, he may move for leave to file an amended complaint by June 1, 2020. The motion should attach a redlined comparison between the current

---

[4] If anything, it would appear that Sam's Beauty rather than Pearson is the potential aggrieved party.

complaint and the amended complaint and should be supported by a brief of no more than five pages describing how the proposed amended complaint would cure the deficiencies identified by the Court. If Pearson fails to file a motion for leave to amend or move for an extension of time in which to do so by June 1, 2020, the case will be dismissed with prejudice.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 30, 2020